# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-0174-03-CR-W-DGK |
| | ) | |
| MARK A. SORRENTINO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Pending before the Court is Defendant Mark Sorrentino's ("Sorrentino") Motion for Judgment of Acquittal or, in the Alternative, a New Trial (Doc. 166) arising from his conviction for conspiracy to commit arson and mail fraud (Count One), arson (Count Two), and using fire to commit a federal felony (Count Four). For the following reasons, the motion is DENIED.

**I.     The Court denies Sorrentino's request for judgment of acquittal.**

Sorrentino contends the Court should enter a judgment of acquittal because the evidence is insufficient to sustain a conviction as a matter of law. Federal Rule of Criminal Procedure 29(c) provides that a defendant may move for judgment of acquittal within 14 days after the jury has returned its guilty verdict or the court has discharged the jury, whichever is later. The Court finds the motion is timely filed but lacks merit.

In evaluating the sufficiency of the evidence, courts view the evidence in the light most favorable to the conviction, including drawing all reasonable inferences from the evidence in the Government's favor. *United States v. Ihmoud*, 454 F.3d 887, 890 (8th Cir. 2006) (affirming conviction for arson in furtherance of mail fraud). A court "reverses only if the jury must have had a reasonable doubt about an essential element of the crime." *Id.* (internal citation omitted). Courts possess "very limited latitude" in making this determination, *United States v. Baker*, 367

F.3d 790, 797 (8th Cir. 2004), and are not permitted to assess the witnesses' credibility or to weigh the evidence. *United States v. Pruneda*, 518 F.3d 597, 605 (8th Cir. 2008). If the evidence could support either a finding of guilt or innocence, the court must deny the motion. *Ortega v. United States*, 270 F.3d 540, 544 (8th Cir. 2001). The fact that the evidence is capable of two plausible interpretations does not render the jury's finding of guilt unreasonable. *See United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).

With respect to all of the charges, Sorrentino argues that the evidence against him impermissibly consisted of inferences piled upon inferences. As a threshold matter, the Eighth Circuit, has refused to examine the sufficiency of the evidence under an inference upon inference analysis, noting instead that "the proper inquiry is whether the inference to be drawn turns on a fact regardless of whether such fact has been arrived at by direct or circumstantial evidence." *United States v. Bloom*, 482 F.2d 1162, 1163-64 (8th Cir. 1973). An inference is not "invalid or impermissible because it is based on a fact established in whole or in part by a preceding inference." *United States v. Shahane*, 517 F.2d 1173, 1178 (8th Cir. 1975) (noting several circuits have discarded a rule that an inference cannot be based upon another inference).

Furthermore, the evidence against Sorrentino was more than just inferences upon inferences. Although there was much circumstantial evidence implicating Sorrentino, there was also some direct testimony, including the highly incriminating testimony of his ex-wife, Jennifer Sorrentino, and video taken from the restaurant's digital security cameras. Among other things, Jennifer Sorrentino testified that on the night of the arson Sorrentino came home reeking of gasoline, the accelerant used in the arson. Additionally, still photographs made from the security video show an individual who arguably looks like Sorrentino, and several witnesses identified Sorrentino as the person shown in the photographs. Consequently, Defendant's "inference upon inference" argument is meritless.

With respect to the individual counts, Sorrentino also argues the Government: (1) failed to show that he reached an agreement or understanding with other co-conspirators to commit arson; (2)

2

failed to show he participated in arson; and (3) that his conviction for use of fire in the commission of conspiracy to commit arson is barred by the double jeopardy clause under the facts of this case. The Court finds the Government presented ample evidence from which the jury could infer that Sorrentino reached an understanding with other co-conspirators to commit arson and that he personally participated in the arson. The Court also reaffirms its ruling made during the instruction conference that the double jeopardy clause does not bar Sorrentino's conviction on Count IV. Thus, viewed in the light most favorable to the Government, the evidence supports the jury's verdicts on Counts One, Two, and Four.

## II. The Court denies Sorrentino's request for a new trial.

In relevant part, Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." The Eighth Circuit has cautioned that in order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *United States v. McClellon*, 578 F.3d 846, 856-57 (8th Cir. 2009). A district court must exercise its Rule 33 authority "sparingly and with caution." *Id.* at 857.

Sorrentino raises seven arguments in support of his motion for a new trial: (1) the Court erred in allowing special agent Randy Roberts to testify that the larger suspect on the surveillance video was, in his opinion, Sorrentino; (2) the protective order delaying disclosure of Jennifer Sorrentino as a witness violated Sorrentino's 6th Amendment right to a fair trial; (3) the delayed disclosure also prevented Sorrentino from assisting in his own defense; (4) the Court erred in precluding Sorrentino from offering testimony or permitting cross-examination about Jennifer Sorrentino's bias; (5) the Court erred in allowing the Government to argue in its closing that Ms. Sorrentino did not receive money in exchange for her agreement to testify; (6) the Court erred in instructing the jury that Michael Balano received an inducement—immunity—in return

for his testimony; and (7) the Court erred in admitting evidence relating to Michael Balano's phone calls to Sorrentino and Defendant Rodney Anderson.

The Court has already considered and rejected these arguments during its pretrial and trial rulings. Some of these arguments have been repeatedly rejected. Rehashing the Court's reasoning yet again would serve no useful purpose. The Court reaffirms its previous rulings and holds that Sorrentino has failed to establish that ordering a new trial would be in the interest of justice.

The motion is DENIED.

**IT IS SO ORDERED.**

Date:  May 14, 2013                    /s/ Greg Kays                              
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT